# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY AYALA, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| B. LONCKE, et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:13-CV-2204-WSD-AJB |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Anthony Ayala, confined in Georgia State Prison in Reidsville, Georgia, has submitted a *pro se* civil rights complaint and by separate Order was granted *in forma pauperis* status. The matter is before the Court on the complaint, [Doc. 1], for screening under 28 U.S.C. § 1915A.

## I.    28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100

(11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Plaintiffs must plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," and "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants

this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

3

**II.   Discussion**

By way of background, in June 2012, Plaintiff brought an action against the Fulton County Jail Medical Department and Officer A. Williams.  Compl., *Ayala v. Fulton Cnty. Jail Med. Dep't*, No. 1:12-cv-2113-WSD (N.D. Ga. Dec. 4, 2012) (hereinafter *Ayala*).  Plaintiff alleged, among other things, (1) that in December 2011 Plaintiff slipped and fell, another inmate helped Plaintiff get up, Williams did not ask Plaintiff if he needed to go to medical, and Plaintiff was scared to ask Williams for anything; (2) that Plaintiff was taken to medical the next day and given pain medication; (3) that Plaintiff went to medical every other week and received pain medication and instructions to exercise; (4) that after forty days Plaintiff received an x-ray and was told that he was "all good"; and (5) that he later was told that he could have injured a muscle, ripped a tendon, or injured his rotator cuff, which could be diagnosed only by magnetic resonance imaging (MRI), which was not available because of the cost.  *See* Final Report and Recommendation at 3-4, *Ayala*.  Plaintiff complained that he remained in pain and had lost movement in his arm, and he sought proper medical help and damages.  *See id.*

The Court found that Williams' actions immediately after the fall did not show deliberate indifference and that Plaintiff had alleged nothing to indicate that Williams

4

was responsible for the medical care that Plaintiff subsequently received and dismissed with prejudice Plaintiff's claims against Williams for failure to state a claim. The Court dismissed with prejudice the Fulton County Jail Medical Department because it was not amenable to suit and dismissed Plaintiff's medical care claims without prejudice. *See id.* at 9.

Plaintiff brings his current action against B. Loncke, grievance coordinator; Officer A. Williams; the Fulton County Jail Medical Department; and the Fulton County Jail Medical Director. [Doc. 1 ¶ III.] Plaintiff complains about the medical care he received for the same fall discussed above.[1] [*Id.* ¶ IV.] Plaintiff states (1) that he received only pain medication while at the Fulton County Jail and (2) that because of the "cost cutting managerial behavior on the part of the Fulton County Medical Director" he was not given an MRI until he was transferred to the Georgia Department of Corrections, where an MRI revealed a torn tendon and he belatedly received

---

[1] Although Plaintiff now states that he sustained his injury in February or March 2012, his remaining allegations indicate that he is referring to the same fall. [Doc. 1 ¶ III.]

AO 72A
(Rev.8/82)

surgery.[2]  [*Id.*]  Plaintiff states that his recovery has been diminished and he seeks damages.  [*Id.* ¶¶ IV, V.]

### A.  The Fulton County Jail Medical Department, B. Loncke, and A. Williams

Res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citation omitted).  *Res judicata* applies if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*; *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) ("Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous.").  Further, a complaint fails to state a claim against a defendant when it "fails to allege facts that associate [the defendant] with [the alleged] violation." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008).

The Court previously dismissed Plaintiff's claims – based on the same injury and allegedly deficient medical care before Plaintiff was transferred – against the Fulton

---

[2]  The official website for the Georgia Department of Corrections shows that Plaintiff's incarceration within that department began on February 20, 2012.  *See* www.dcor.ga.us (follow "Find an Offender" hyperlink, GDC ID 1146667) (last visited July 29, 2013).

County Jail Medical Department and Williams. Plaintiff's current claims against those parties are barred by res judicata. *See Dubuc v. City of Tulsa*, No. 98-5140, 1999 WL 651389, at *3 (10th Cir. Aug. 27, 1999) ("The fact that Mr. Dubuc has added some additional defendants and some new allegations does not affect the res judicata analysis."). Further, B. Loncke must be dismissed because Plaintiff fails to allege facts that connect him with the allegedly deficient medical care. *See Douglas*, 535 F.3d at 1322.

### B.   Fulton County Jail Medical Director

The Eighth Amendment's ban on cruel and unusual punishment prohibits "deliberate indifference to serious medical needs of prisoners." *Bingham v. Thomas* 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted). To show deliberate indifference to a serious medical need, a plaintiff must show (1) an objectively serious medical need and (2) the defendant/official's subjective awareness of a risk of serious harm based on that need and his disregard of that risk with conduct that is more than grossly negligent. *Id.* at 1176 (holding that plaintiff must demonstrate that official's response "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical

malpractice actionable under state law" (internal quotation marks omitted) (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)); *see also Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010) ("[A] claim of deliberate indifference requires proof of more than gross negligence."). As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a constitutional violation. *See Harris v. Thigpen*, 941 F.2d 1495, 1504-05 (11th Cir. 1991).

Plaintiff does not allege that the Medical Director directly denied him an MRI, but that the Medical Director was responsible for cost cutting measures that affected the availability of an MRI. Plaintiff's allegations are insufficient to show that a medical doctor in charge of Plaintiff's treatment at the Fulton County Jail actually opined that an MRI was necessary or that the Medical Director would have disallowed an MRI that was deemed necessary by the medical doctor in charge of treating Plaintiff. Further, Plaintiff's course of treatment – pain medication and instructions for exercise, followed by an x-ray – does not show deliberate indifference. That a later doctor performed an MRI that revealed a torn tendon does not show deliberate indifference in Plaintiff's earlier course of treatment. *See Mendez v. Pa. Dep't of Corr.*, 233 Fed. Appx. 159, 160 (3d Cir. May 8, 2007) (holding that doctors who examined prisoner and opined that his

AO 72A
(Rev.8/8
2)

injury was self-healing and did not take an x-ray or MRI were not deliberately indifferent but negligent at most when second opinion had "revealed a ruptured bicep tendon, rotator cuff problems, bone spurs in the right shoulder, and problems with the shoulder ball and socket"); *see also Estelle*, 429 U.S. at 107 ( "[T]he question whether an x-ray-or additional techniques or forms of treatment-is indicated is a classic example of a matter for medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment."). Accordingly, Plaintiff fails to state a claim against the Medical Director.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

AO 72A
(Rev.8/82)

**IT IS SO RECOMMENDED and DIRECTED**, this   6th   day of  August , 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE