IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY AYALA,

                     Plaintiff,

v.                                               1:13-cv-2204-WSD

B. LONCKE, et al.,

                     Defendants.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] ("R&R") and Planitiff's *pro se* objections to the Magistrate Judge's R&R.[1]

## I.    BACKGROUND[2]

On July 1, 2013, Plaintiff Anthony Ayala ("Plaintiff"), an inmate at the Fulton County Jail, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff brings this action against B. Loncke ("Loncke"), the grievance coordinator; Officer A. Williams ("Williams"); the Fulton County Jail

---

[1] The "objections" asserted by Plaintiff and whether they are valid are addressed later in this Order.

[2] The facts are taken from the R&R and the record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Medical Department ("Medical Department"); and the Fulton County Jail Medical Director ("Medical Director") (collectively, "Defendants"). Plaintiff alleges that Defendants deprived him of his constitutional right to medical care for an injury he claims he suffered from an alleged fall in December 2011.[3] Plaintiff claims that (1) his injury was treated only by the administration of pain medication while at the Fulton County Jail and (2) that he was not given a MRI until he was transferred to the custody of the Georgia Department of Corrections.

On August 6, 2013, Magistrate Judge Alan J. Baverman issued his R&R recommending that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915A. On September 11, 2013, Plaintiff filed his Motion for Extension seeking additional time to file objections to the R&R because of (i) his difficulty reading and writing English, (ii) an alleged hand injury, and (iii) his difficulty obtaining "items necessary to correspond with the court." On October 11, 2013, the Court granted Plaintiff's Motion for Extension of Time and ordered that Plaintiff submit his objections to the R&R no later than November 4, 2013.

On November 5, 2013, Plaintiff filed his objections to the R&R.[4]

---

[3] Although Plaintiff now states that he sustained his injury in February on March 2012, his remaining allegations indicate that he is referring to the December 2011 fall.

[4] The Court notes that "[u]nder the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Absent

2

## II.   DISCUSSION

### A.   Standard of Review on Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  No objections to the R&R have been filed and the Court thus must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

### B.   Analysis

The Court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous.  28 U.S.C. § 1915A(a).  The Court must dismiss the Complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  Id. § 1915A(b)(1).  "A claim is frivolous if

---

contrary evidence, we will assume that a prisoner's filing was 'delivered to prison authorities the day he signed it.'" Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) (quoting Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), and citing Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999)); see also Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court finds that Plaintiff's objections were delivered to prison authorities on October 27, 2013, the day it was signed.

3

and only if it 'lacks an arguable basis either in law or in fact.'"  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  The standard for failure to state a claim under Section 1915A(b)(1) is the same that governs dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Cf. Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)) (noting this rule in connection with similarly-worded 28 U.S.C. § 1915(e)(2)(B)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  Mere "labels and conclusions" are insufficient.  Twombly, 550 U.S. at 555.

When reviewing a complaint for frivolousness, a court must hold *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys, and must construe *pro se* pleadings liberally.  Miller, 541 F.3d at 1100.

Plaintiff did not object to the Magistrate Judge's finding that Plaintiff's claims against the Medical Department and Williams are barred by the doctrine of *res judicata*.[5]  The Magistrate Judge found that the Court previously dismissed Plaintiff's claims, based on the same injury and allegedly deficient medical care, against the Medical Department and Williams, and the Court finds no plain error in this finding.

Plaintiff also did not object to the Magistrate Judge's finding that the claims against Loncke must be dismissed because Plaintiff fails to allege facts that connect him with the allegedly deficient medical care.  See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (noting that a complaint fails to state a claim against a defendant when it "fails to allege facts that associate [the defendant] with [the alleged] violation.").

Although largely incomprehensible, Plaintiff appears to object to the Magistrate Judge's finding that Plaintiff fails to state a claim against the Medical Director.  "[A] prison official's 'deliberate indifference to [the] serious medical needs of [a] prisoner[ ] constitutes the unnecessary and wanton infliction of pain

---

[5] "The doctrine of *res judicata* . . . will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action." See In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).

. . . proscribed by the Eighth Amendment.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To state a claim for deliberate indifference, "a prisoner must show the prison official's (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). A "complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Id. (quoting Estelle, 429 U.S. at 106).

     Plaintiff asserts that the Defendants "could not give 'minimally adequate' treatment" because "they knew that the only way to know what types of injuries Plaintiff have could only be detected by (MRI) [sic] which defendants failed to use, due to the cost." These allegations do not assert "cruel and unusual punishment" and are not sufficient to overcome the restrictions to show a "deliberate indifference to serious medical needs of prisoners." See Papasan v. Allain, 478 U.S. 265, 286 (1986) (approving rejection of conclusory assertions that lack factual support); see also Hathcock v. Armor Corr. Health Servs., 186 F. App'x 962, 963 (11th Cir. 2006) (holding that state prisoner's conclusory allegations were insufficient to sustain his claim under § 1983); see also Cain v.

Polen, 454 F. App'x 716, 716 (11th Cir. 2011) (explaining that a prisoner's allegations must offer factual support, conclusory statements are insufficient). The Magistrate Judge found that, because Plaintiff was given sufficient treatment in response to his complaints of pain, it cannot be reasonably inferred from Plaintiff's allegations that the Medical Director, or any other medical doctor, was more than grossly negligent in treating Plaintiff's pain.[6] Accordingly, the Magistrate Judge found that Plaintiff fails to state a claim against the Medical Director, and the Court finds no plain error in this finding. Plaintiff's objections are overruled.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

---

[6] Plaintiff was given pain medication, instructions for exercise, and an x-ray was taken of the alleged injury. Because a different medical doctor performed an MRI that later revealed a torn tendon does not show deliberate indifference in Plaintiff's earlier course of treatment. See Estelle, 429 U.S. at 107 ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-Ray, or like measures, does not represent cruel and unusual punishment.").

**SO ORDERED** this 2nd day of July, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE